408 F.2d 371
 The CITY NATIONAL BANK OF SYLACAUGA, Plaintiff, and
United States of America, Plaintiff-Intervenor-Appellant,
v.
ST. PAUL FIRE AND MARINE INSURANCE COMPANY, and Insurance Company of North America, Defendants-Appellees,
v.
Robert A. RUSSELL et al., Third-Party Defendants-Appellees.
 No. 26936.
 United States Court of Appeals Fifth Circuit.
 March 3, 1969.
 
 Macon L. Weaver, U. S. Atty., E. Ray Acton, Asst. U. S. Atty., Birmingham, Ala., Thomas R. Bell, Donald W. Lang, Sylacauga, Ala., Carl Eardley, Acting Asst. Atty. Gen., Morton Hollander, Robert V. Zener, Attys., Dept. of Justice, Washington, D. C., for appellant.
 Reid Barnes, A. H. Gaede, Jr., William Bew White, Jr., Birmingham, Ala., Lyndol Bolton, Sylacauga, Ala., for appellees.
 Before BELL, AINSWORTH, and GODBOLD, Circuit Judges.
 ON MOTION FOR SUMMARY REMAND
 PER CURIAM:
 
 
 1
 This appeal is taken by the United States as an intervenor from an order of the district court directing a national bank to produce "all copies of [national] bank examiner reports" for a period of eight years preceding the filing of this suit, and "all correspondence or memoranda of any kind relating thereto." The order was issued in the course of a suit by the bank against sureties to recover losses allegedly sustained from defalcations of an officer of the bank, and was entered after formal assertion by the Secretary of the Treasury of a claim of executive privilege.
 
 
 2
 The United States has filed a motion that the case be remanded to the district court for the purpose of narrowing the order to produce, Overby v. United States Fidelity & Guaranty Company, 224 F.2d 158 (5th Cir. 1955). The motion is submitted on briefs without oral argument.
 
 
 3
 We construe the order to be limited by the district court's construction that production was sought only insofar as the documents would shed light upon or produce or lead to relevant information.
 
 
 4
 Under the teaching of Overby the matter is not ripe for review until the district court enters its ultimate order directing the specific portions of the documents that are to be produced as against assertion of executive privilege as to any or all of such portions (if there be an assertion at all). There must be "reasonable effort * * * by the parties, by the court, and by the head of the executive department to avoid a conflict of interests." Through the procedures described in Overby, or some similar procedure, "the competing public interests of the administration of justice and of governmental privilege may be reconciled. Every reasonable effort will have been made to avoid a conflict. If, nevertheless, a claim of privilege has to be decided by the Court, at least it will be in as narrow compass as possible." Id. at 164.
 
 
 5
 Once the claim of privilege, if it continues to be asserted to any extent, is reduced to "as narrow compass as possible" the matter will be ready for review by this Court.
 
 
 6
 The motion for summary remand is granted.